IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| SECURITY NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | CIVIL 14-00417 LEK-RLP |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| WILLIAM PAUL KULANI WEGESEND, ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII**

Before the Court is Plaintiff Security National Life Insurance Company's ("Plaintiff") Motion to Remand Case to Circuit Court of the First Circuit, State of Hawaii ("Motion"), filed on October 13, 2014. [Dkt. no. 16.] Defendants William Paul Kulani Wegesend and Barbara Jean Wegesend ("the Wegesends") – who are represented by counsel – did not file a memorandum in opposition.[1] The Court finds this matter suitable for

---

[1] On October 14, 2014, the Court issued an entering order ("EO"), setting the hearing on the Motion for November 17, 2014. [Dkt. no. 18.] Pursuant to the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), the Wegesends had until October 27, 2014 to file their memorandum in opposition to the Motion. See Local Rule LR7.4 ("An opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing."). The Wegesends did not file an opposition by that date. On October 31, 2014, the Court issued an EO vacating the hearing and taking the matter under advisement. [Dkt. no. 20.] On November 1, 2014, the Wegesends filed their Motion for
(continued...)

disposition without a hearing pursuant to Local Rule 7.2(d). After careful consideration of the Motion, Plaintiff's memorandum, and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

On August 21, 2014, Plaintiff filed this lawsuit in the Circuit Court of the First Circuit, State of Hawai`i ("First Circuit Court") against: the Wegesends; Castle & Cooke Homes Hawaii, Inc.; Mortgage Electronic Registration Systems, Inc., solely as nominee for Envision Lending Group, Inc. ("Envision"); Department of Taxation, State of Hawaii; Envision; EMC Mortgage Corporation, formerly known as EMC Mortgage Corporation; JPMorgan Chase Bank, National Association; and various Doe Defendants. [Dkt. no. 1 (Notice of Removal), Exh. A (First Circuit Court complaint ("Complaint").[2]] In the Complaint, Plaintiff seeks a declaratory judgment ordering foreclosure of a mortgaged property ("the Property") that allegedly secures debt owed by the Wegesends, who are in default on the note ("Note") and mortgage ("Mortgage"). Plaintiff joined all of the parties other than the

---

[1](...continued)
Extension of Time to File Response to Plaintiff's Motion to Remand ("Motion for Extension") and, on November 3, 2014, this Court denied the Motion for Extension. [Dkt. nos. 21, 22.]

[2] Plaintiff filed an Amended Notice of Removal on September 22, 2014 ("Amended Notice of Removal") with the Complaint attached as Exhibit A. [Dkt. no. 9.]

2

Wegesends because they could conceivably claim an interest in the Property. [Complaint at ¶¶ 9-11, 18-23.]

Plaintiff seeks the following relief: declaratory judgment that Plaintiff's lien has priority; appointment of a commissioner to sell the Property; declaratory judgment that the commissioner apply the proceeds of the sale to amounts due on the Note and Mortgage, that Plaintiff be allowed to purchase the Property without a down payment, and that the sale extinguish all rights to title of the Property; issuance of a deficiency judgment against the Wegesends if the proceeds do not cover the debt due; issuance of a writ of possession, at a reasonable time, requiring the Wegesends to leave the Property; and all other appropriate relief. [Id. at pgs. 6-8.]

On September 15, 2014, the Wegesends filed their notice of removal, pursuant to 28 U.S.C. §§ 1332, 1441, 1446. [Notice of Removal at 1.] The sole basis that the Wegesends provided for federal jurisdiction was diversity of citizenship. [Amended Notice at 3.] The Wegesends cited § 1332 and stated: "This action is removable on the basis of diversity jurisdiction." [Id.] On October 13, 2014, Plaintiff timely filed the instant Motion. See 28 U.S.C. § 1447(c) (requiring filing of a motion for remand within thirty days of the notice of removal).

3

## STANDARD

The primary removal statute, 28 U.S.C. § 1441, provides, in pertinent part:[3]

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship. -
>
> > (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> >
> > (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the** parties in interest properly joined and served as **defendants is a citizen of the State in which such action is brought.**

(Emphases added.) Regarding remand, 28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. **An order remanding the case may require payment of**

---

[3] 28 U.S.C. § 1446 provides for the logistical requirements for removal.

4

> **just costs and any actual expenses, including attorney fees, incurred as a result of the removal.** A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(Emphasis added.)

## DISCUSSION

Plaintiff argues that removal was improper because the Wegesends are, and were at the time of removal, citizens of Hawai`i, and an award of attorneys' fees and costs is appropriate since removal was objectively unreasonable. The Court agrees on both points.

### I. Remand

First, Plaintiffs expressly rely on § 1441 and cite it four times in their Amended Notice. [Amended Notice at 2, 3, 5, 6.] Although they rely on subsection (a) of that statute, subsection (b) clearly prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Subsection (b) describes a "statutory, non-jurisdictional requirement" known as the "forum defendant rule." See Infuturia Global Ltd. v. Sequus Pharm., Inc., 631 F.3d 1133, 1137 (9th Cir. 2011) (citation omitted).

The Wegesends admit that they are residents of Hawai`i: the Amended Notice states that, "Mr. and Mrs. Wegesend are, and were at the time of the filing of this Complaint residents of the City and County of Honolulu, State of Hawai`i." [Amended Notice at 4.] Residence and citizenship are not necessarily the same. See, e.g., Kyung Park v. Holder, 572 F.3d 619, 624 (9th Cir. 2009) ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." (citation and internal quotation marks omitted)). However, since the Wegesends invoke this Court's diversity jurisdiction and they rely on their statement that they are residents of Hawai`i to obtain that jurisdiction, Plaintiffs have, in essence, conceded that they are citizens of Hawai`i. Since the Wegesends are citizens of Hawai`i, their Notice of Removal violates the forum defendant rule. Thus, the Court GRANTS the Motion insofar as Plaintiff moves to remand the action.[4]

---

[4] Plaintiff also argues that this Court lacks jurisdiction because there is not complete diversity since Plaintiff and Defendant Envision are both Utah corporations. [Mem. in Supp. of Motion at 7-8.] However, to determine diversity, the Court must "align for jurisdictional purposes those parties whose interests coincide respecting the primary matter in dispute." Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1157 (9th Cir. 2012) (citation and internal quotation marks omitted). It is not clear from the Complaint and Amended Notice, whether the purported dispute between Plaintiff and Envision is ancillary to the dispute
(continued...)

6

II. Attorneys' Fees and Costs

Regarding fees and costs, the United States Supreme Court has held that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court FINDS that under the facts of the case, there was no objectively reasonable basis for removal since "the forum defendant rule expressed in 28 U.S.C. § 1441(b) clearly applied to this action." See Piper Jaffray & Co. v. Severini, 443 F. Supp. 2d 1016, 1023 (W.D. Wis. 2006) (granting remand and awarding attorneys' fees); see also, e.g., TCF Nat'l Bank v. W & A Bldg., LLC, No. 10-CV-3096, 2010 WL 4791454, at *2 (N.D. Ill. Nov. 17, 2010) (discussing Wolf v. Kennelly, 574 F.3d 406, 411 (7th Cir. 2009), and explaining that the Seventh Circuit has "held that removal in the face of a forum defendant rule problem warrants fees under § 1447(c)"); Vasquez v. Pease, Civil Action No. SA-14-CV-609-XR, 2014 WL 4072084, at *2 (W.D. Tex. Aug. 15, 2014) (remanding based on the forum defendant rule and denying attorneys' fees solely because the plaintiff did not raise the

---

[4](...continued)
between Plaintiff and the Wegesend. But, the Court need not, and does not, reach that issue here.

issue in her motion to remand).[5]

The Court therefore GRANTS the Motion as to Plaintiff's request for its attorneys' fees and costs incurred as a result of the removal. The Court refers this matter to the magistrate judge to prepare findings and recommendations regarding the amount of the award.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Remand Case to Circuit Court of the First Circuit, State of Hawaii, filed October 13, 2014, is HEREBY GRANTED, including Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

The Court DIRECTS Plaintiff to file documentation supporting its request for attorneys' fees and costs with the magistrate judge by **December 26, 2014.** Any opposition shall be filed by **January 9, 2015.**

This Court HEREBY REMANDS this action to the First

---

[5] Plaintiff also argues that the Court should grant attorneys' fees because there is evidence of bad faith insofar as this district court has found that the court lacks subject matter jurisdiction in multiple lawsuits brought by the Wegesends' counsel, on behalf of borrowers who are in or near default on their loans. [Mem. in Supp. of Motion at 2-3, 9 (citing Decl. of Counsel, Exh. 3 (Wegesend v. Envision Lending Grp., et al., Civil No. 13-00493 DKW-KSC, Order Dismissing Complaint for Lack of Subject Matter Jurisdiction, filed 4/30/14)).] While the Court questions the Wegesends' motives in removing this case, there is insufficient evidence, in the present record, to support a finding of bad faith. In any event, this issue is not determinative of whether an award of attorneys' fees is proper.

Circuit Court.  This Court DIRECTS the Clerk's Office to transmit a certified copy of this order to the clerk of the First Circuit Court.  This district court retains jurisdiction solely for the purposes of determining the amount of the award of removal-related expenses.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, November 25, 2014.



      /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**SECURITY NATIONAL LIFE INSURANCE COMPANY VS. WILLIAM PAUL KULANI WEGESEND, ET AL; CIVIL 14-00416 LEK; ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII**