IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SECURITY NATIONAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   vs.<br><br>WILLIAM PAUL KULANI WEGESEND, ET AL.,<br><br>        Defendants. | CIVIL NO. 14-00417 LEK-RLP<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF SECURITY NATIONAL LIFE INSURANCE COMPANY'S SUBMISSION OF DOCUMENTS IN SUPPORT OF ITS REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS FILED PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII FILED HEREIN ON NOVEMBER 25, 2014 |

FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF SECURITY NATIONAL LIFE INSURANCE COMPANY'S SUBMISSION OF DOCUMENTS IN SUPPORT OF ITS REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS FILED PURSUANT TO ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII FILED HEREIN ON NOVEMBER 25, 2014

On November 25, 2014, the district court issued an order granting Plaintiff's Motion to Remand Case to Circuit Court of the First Circuit, State of Hawaii ("November 25 Order"). ECF No. 26. In the November 25 Order, the district court found that there was no objectively reasonable basis for Defendants William Paul Kulani Wegesend and Barbara Jean Wegesend ("the Wegesends") to remove the case. Id. at 7. Accordingly, the district court granted Plaintiff's Motion to Remand and granted Plaintiff's request for attorneys' fees and costs incurred as a result of the removal. Id. The district court referred the determination of the amount of the award to this Court and directed Plaintiff to file supporting documentation. Id. at 8. Plaintiff filed its

documentation on December 26, 2014.  ECF No. 29-2.  The Wegesends filed their Opposition on January 9, 2015.  ECF No. 30.  After careful consideration of the Plaintiff's submission and the Wegesend's Opposition, the Court FINDS AND RECOMMENDS that Plaintiffs be awarded attorneys' fees in the amount of $4,099.48.

## DISCUSSION[1]

Courts use the lodestar method to calculate reasonable attorney fee awards under fee shifting statutes such as 28 U.S.C. § 1447(c).  <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 965 (9th Cir. 2003) (internal quotation omitted) (using lodestar method to calculate attorneys' fees under the fee shifting provisions in 42 U.S.C. § 2000e and 42 U.S.C. § 1981); <u>Albion Pac. Prop. Res., LLC v. Seligman</u>, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004) (stating that Section 1447(c) is best read as calling for the award of reasonable attorneys' fees incurred as a result of removal).  The lodestar method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate."  <u>Id.</u> (citation omitted).

---

[1] The Wegesends argue in their opposition that Plaintiff's fee request is not appropriate because they had a basis for filing their Notice of Removal.  ECF No. 30 at 7.  The district court found, however, that there was no objectively reasonable basis for removal because the forum defendant rule expressed in 28 U.S.C. § 1441(b) clearly applied to this action, and therefore, Plaintiff was entitled to attorneys' fees and costs incurred as a result of the removal.  ECF No. 26 at 7. Accordingly, the Court need not address the Wegesends' arguments regarding the propriety of removal.

Plaintiff requests the following attorneys' fees for work performed by its counsel:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jonathan W.Y. Lai, Esq. | 3.2 | $255.00 | $816.00 |
| Michael C. Bird, Esq. | 1.0 | $255.00 | $255.00 |
| Thomas J. Berger, Esq. | 14.9 | $185.00 | $2,756.50 |
| Summer H. Kaiawe, Esq. | 0.1 | $185.00 | $18.50 |
| Heather K. Reagan, paralegal | 7.6 | $105.00 | $798.00 |
| | SUBTOTAL | | $4,644.00 |
| General Excise Tax | | 4.712% | $218.83 |
| | TOTAL | | $4,862.83 |

See ECF No. 29-2 at ¶¶ 10, 15; Aff. of Thomas J. Berger ("Berger Aff.").

First, regarding a reasonable hourly rate, courts consider the experience, skill, and reputation of the attorneys requesting the fees in determining the reasonableness of the hourly rate. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id. Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and counsel's submissions, this Court finds that the rates requested are reasonable.

Second, regarding the number of hours reasonably expended, the Court must determine if the fees requested are

reasonably necessary to achieve the results obtained.  See Tirona
v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw.
1993) (citations omitted).  A court must guard against awarding
fees which are excessive, duplicative, or unnecessary.  See id.
at 637 (citing INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d
391, 404 (6th Cir. 1987)).  The Court finds that the number of
hours billed for certain activities is excessive.

First, a total of 2.1 hours were spent by Mr. Lai, Mr. Bird, Mr. Berger, and Ms. Kaiawe reviewing Defendants' Notice of Removal and Amended Notice of Removal.  The Court finds these hours duplicative and excessive.  The Court deducts 0.2 hours from Mr. Lai's requested time, 0.2 hours from Mr. Bird's requested time, 0.5 hours from Mr. Berger's time, and 0.1 hours from Ms. Kaiawe's time.  Second, the Court finds that 0.7 hours requested for Mr. Berger's time on October 14, 2014, and 0.8 hours requested for Ms. Reagan's time on October 13, 2014, was block billed.  The Court is unable to determine how much time was spent on each of the activities listed on these dates.  The Court deducts 0.7 hours from Mr. Berger's time and 0.8 hours from Ms. Reagan's time.  Finally, the Court finds that the 9.1 hours spent on the present submission is excessive given that Plaintiff's counsel spent only 7.2 hours drafting the underlying motion to remand.  The Court reduces Mr. Berger's time spent on the present submission by 0.5 hours and Ms. Reagan's time by 2.0 hours.  The

court has reviewed the remaining time entries and finds that they are reasonable.

Based on the foregoing, the Court finds that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jonathan W.Y. Lai, Esq. | 3.0[2] | $255.00 | $765.00 |
| Michael C. Bird, Esq. | 0.8[3] | $255.00 | $204.00 |
| Thomas J. Berger, Esq. | 13.2[4] | $185.00 | $2,442.00 |
| Summer H. Kaiawe, Esq. | 0.0[5] | $185.00 | $0.00 |
| Heather K. Reagan, paralegal | 4.8[6] | $105.00 | $504.00 |
| SUBTOTAL | | | $3,915.00 |
| General Excise Tax | | 4.712% | $184.48 |
| TOTAL | | | $4,099.48 |

Accordingly, the Court recommends that Plaintiff be awarded $4,099.48 in attorneys' fees.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND

---

[2] 3.2 requested - 0.2 for excessive/duplicative time reviewing Defendants' Notice of Removal = 3.0.

[3] 1.0 requested - 0.2 for excessive/duplicative time reviewing Defendants' Notice of Removal = 0.8.

[4] 14.9 requested - 0.5 for excessive/duplicative time reviewing Defendants' Notice of Removal - 0.7 for block billed hours - 0.5 for excessive time spent on submission = 13.2.

[5] 0.1 requested - 0.1 for excessive/duplicative time reviewing Defendants' Notice of Removal = 0.0.

[6] 7.6 requested - 0.8 for block billed hours - 2 for excessive time spent on submission = 4.8.

RECOMMENDS that the district court award Plaintiff Security National Life Insurance Company $4,099.48 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 13, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge

**SECURITY NATIONAL LIFE INSURANCE COMPANY V. WEGESENDS, ET AL.; CIVIL NO. 14-00417; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF SECURITY NATIONAL LIFE INSURANCE COMPANY'S MOTION FOR AN AWARD OF ATTORNEYS' FEES.**